## GEORGE E. MORRIS V. STATE.

No. 24915. January 10, 1951.

*Angus Wynne, Russell Allen,* Dallas, and *Crain, Vandenberge & Houchins,* by *J. V. Vandenberge, Jr.,* Victoria, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

ON APPELLANT'S MOTION FOR REHEARING.

MORRISON, Judge.

The opinion of this court heretofore rendered in this cause is withdrawn, and the following is substituted therefor:

The charge is false imprisonment, under Art. 1169, P. C. The case was tried before the county court of Calhoun county without the intervention of a jury and resulted in appellant's conviction and a fine of $75.

There being no bills of exception in the record, the only questions for review by this court are the regularity of the proceedings and the sufficiency of the evidence.

The alleged injured parties were hunting deer on Matagorda Island. After they had killed three deer, they were approached by the defendant and, by him, carried, together with the deer, to the home of Mr. Wynne, who owned or had under lease a large portion of Matagorda Island. The defendant was, throughout the entire transaction, acting as overseer for Mr. Wynne and, under his instructions, was not to allow hunting on the land on which he had cattle grazing. When the party, consisting of the defendant and the two alleged injured parties, arrived in defendant's "jeep" at Mr. Wynne's house on the south part of the island, Mr. Wynne came out to the jeep and told the two alleged injured parties that they "had no right to hunt out there," took charge of the deer, and instructed the defendant to drive them back to their boat—which was done. This journey to and from the Wynne home was the detention relied upon by the state.

The record in this case, after diligent search, fails to reveal where on Matagorda Island the deer were killed, other than, inferentially, that the same occurred on land under the control of Mr. Wynne and on which he was engaged in the raising of cattle. The witnesses testified as to the sites of the killing, but failed to make any mark of identification on the map introduced in evidence, so that an exact location could be made by this court. The record being in such condition, it is impossible for this court to write on several questions raised by appellant.

The complaint and information allege that the defendant in and upon the injured parties did commit an assault and did then and there by means of threats . . . . unlawfully detain them.

A careful search of the record fails to reveal any evidence of an assault or of a threat of any character made by the defendant to either of the injured parties, both of whom testified that none was made.

Having alleged the use of threats and having failed to prove same, the evidence is not sufficient to sustain the conviction.

The judgment is reversed and the cause remanded.